(No. 4756.    March 13, 1928.)

GENE H. HOLLOWAY, Whose True Name is E. H. HOLLOWAY, Respondent, v. FIRST NATIONAL BANK OF POCATELLO, IDAHO, a Corporation, Appellant.

[265 Pac. 699.]

BANKS AND BANKING—BANK CHECKS—RIGHTS OF HOLDER AS AGAINST BANK.

1. As against depositor, bank has right at any time before actual payment to him to apply deposit to payment of his matured debts or obligations held by bank.

2. Garnishee bank has right to set off against indebtedness owing from it to depositor, a defendant in an attachment suit, any indebtedness due from defendant to bank, and lien of garnishment reaches only the excess.

3. That plaintiff was holder of check did not empower him to sue drawee bank, in absence of acceptance or certification by it.

4. Payee of check could not recover against drawee bank refusing payment because of alleged misrepresentation regarding sufficiency of drawer's deposit, where if bank had not made alleged misrepresentation he could not have reached deposit in bank's hands by garnishment proceeding because depositor owed bank more than amount of deposit, and therefore payee sustained no damage because of alleged misrepresentation.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action for damages. Judgment for plaintiff. *Reversed, with instructions to dismiss.*

Merrill & Merrill, for Appellant.

A check does not of itself operate as an assignment of any part of the funds to the credit of the drawer with a bank, and the bank is not liable to the holder unless and until it accepts or certifies the check. (C. S., sec. 6056.)

Unless the bank accepts or certifies the check it is under no liability whatever to the payee for refusing to pay a check. (*Kaesemeyer v. Smith*, 22 Ida. 1, 123 Pac. 943, 43 L. R. A., N. S., 100; *Elyria Savings & Banking Co. v. Walker Bin Co.*, 92 Ohio St. 406, Ann. Cas. 1917D, 1055, 111 N. E. 147, L. R. A. 1916D, 433; *John Marbel Co. v.*

---

Publisher's Note.

1. Application by bank of deposit to debt, see note in 111 Am. St. 421. See, also, 3 R. C. L. 588, 592. Lien or set-off of bank against deposit for debt due it by depositor, see notes in 2 Ann. Cas. 206; 19 Ann. Cas. 487. See, also, 3 R. C. L. 589.

3. Liability of drawee of unaccepted check, see note in 45 Am. Rep. 355.

Banks and Banking, 7 C. J., sec. 351, p. 653, n. 84; sec. 352, p. 655, n. 90; sec. 426, p. 698, n. 45.

Garnishment, 28 C. J., sec. 355, p. 258, n. 88; sec. 398, p. 279, n. 71.

*Merchants' National Bank of Los Angeles,* 15 Cal. App. 347, 115 Pac. 59.)

A bank has a lien on a customer's deposit for indebtedness owing it by the depositor. (C. S., sec. 6415.)

It has a right to charge off a deposit against a past due indebtedness. (*Aurora Nat. Bank v. Dils,* 18 Ind. App. 319, 48 N. E. 19; *Citizens Savings Bank v. Vaughan,* 115 Mich. 156, 73 N. W. 143; *People's Bank & Trust Co. v. Tufts,* 59 N. J. L. 380, 35 Atl. 792; *Durkee v. National Bank,* 102 Fed. 845, 42 C. C. A. 674; *Irish v. Citizens' Trust Co.,* 163 Fed. 880.)

B. W. Davis, for Respondent.

C. S., sec. 6056, is only intended as a protection to banks so long as they act in good faith, lawfully and not with the intent to prefer themselves and others. (*Kaesemeyer v. Smith,* 22 Ida. 1, 123 Pac. 943, 43 L. R. A., N. S., 100; *McClain & Norvet v. Torkelson,* 187 Iowa, 202, 5 A. L. R. 1665, 174 N. W. 42; *Edwards v. Guaranty Trust & Savings Bank,* 48 Cal. App. 787, 192 Pac. 324, 21 L. R. A. 440 (note on banking customs).

There is an implied promise on part of banks to cash checks of parties holding the same. (1 Michie on Banks and Banking, p. 10; 7 C. J., pp. 475–477; U. S. Rev. Stats., sec. 3407; Barnes' Federal Code 1919, sec. 5383; *Fogarties & Stillman v. State Bank,* 12 Rich. L. 518, 78 Am. Dec. 468; *Robinson v. Bank of Pikeville,* 146 Ky. 538, 142 S. W. 1065, 37 L. R. A., N. S., 1186.)

BAKER, District Judge.—The amended complaint of the plaintiff, E. H. Holloway, the respondent in this court, is to the effect that on November 3, 1924, the check of the House of North, dated November 1st of that year, for the sum of $739.34, drawn upon a sufficient deposit, payable to the plaintiff, was presented to the defendant, the drawee bank, the appellant in this court, for payment. The plaintiff charged that the bank, for the express purpose and with the intent of deceiving him and of assisting and preferring

itself and others, but excluding plaintiff, in collecting for their own benefit the deposit to the credit of the House of North and properly payable on the check presented for him, wrongfully, fraudulently and without right refused to pay his check and, for the same purpose, falsely assigned as the reason for nonpayment the insufficiency of the deposit to the credit of the drawer. Plaintiff alleged that he was deceived by the act of the bank "to his damage in the sum of $739.34," the amount of the check. Plaintiff charged that after the presentation of his check, defendant paid from the deposit to the credit of the drawer checks in favor of itself and others and exercised its lien and applied a part of the deposit to the payment of the matured indebtedness held by the defendant against the House of North.

The defendant, by its answer, denied generally the material allegations of the amended complaint but admitted the application of part of the deposit to the payment of indebtedness alleged to exceed $10,000 of which a part was then overdue.

The evidence shows that the House of North during the month of October, 1924, gave to the plaintiff its check for the sum of $739.34, dated November 1st. The plaintiff indorsed the check, waived protest and deposited it in a Salt Lake City bank. The check reached the bank of the defendant through the mails on the morning of November 3d. At the time the check was presented, throughout the whole of that day and until some time during the following business day, the account of the drawer, as shown by the records of the bank, was sufficient to warrant a payment of the check. The bank, however, returned the check with a notation to the effect that it was not paid by reason of the insufficiency of the deposit to the credit of the drawer. On November 3d, and after plaintiff's check reached the bank, other checks, including one to defendant, were cashed. On the following business day $500 of the deposit was applied to the payment of overdue indebtedness, a check for a like sum was likewise applied and other checks were cashed. Thereafter and until the account of the

drawer was closed, during the latter part of the month, other checks were cashed but the deposit was never sufficient at the close of business on any day to make payment of the check. The bank had not accepted or certified the check or promise to make payment and did not know of its existence until presented. The plaintiff took no further action and the check was never paid. About December 1st a receiver took charge of the drawer's business.

The judgment appealed from followed verdict for the full amount claimed.

The defendant assigns several reasons for reversal, but not all will be considered.

We do not deem it necessary to decide whether conditions may exist to warrant suit by the holder of an uncertified or unaccepted check against the bank on which the check is drawn, or to determine what duty, if any, is imposed upon a drawee bank by the presentation of a check, or whether a bank can render itself answerable for the damages sustained by the holder of a check resulting from the assignment by the bank of a false reason for nonpayment.

Plaintiff's action is not on contract. He does not contend that either the giving or the presentation of the check created sufficient privity between him, as holder, and the bank, as drawee, to entitle him to sue on contract. He apparently concedes that under C. S., sec. 6056, and *Kaesemeyer v. Smith*, 22 Ida. 1, 123 Pac. 943, 43 L. R. A., N. S., 100, a check "is a mere direction to the bank to pay a certain sum of money to the person named therein" and does not of itself "operate as an assignment of any part of the funds to the credit of the drawer."

His complaint is that the bank breached its legal duty to him in that the reason assigned by it for nonpayment was false and amounted to a misrepresentation to him of a material fact upon which he had the right to rely and upon which he did rely. Appreciating the necessity of showing damage he contends that if the bank had not by its representation led him to believe the deposit was insufficient to pay the check, he would have instituted his action against the maker,

would have served notice of garnishment on the bank and, since he was deprived of this remedy, he was damaged in an amount equal to the face of the check. Certainly the action of the bank did not prevent him from suing the maker and subjecting any other property it might have to the payment of his claim. Unless the only remedy he says he would have invoked to subject the deposit to the payment of his check would have been effective, that is, unless garnishment process would have reached the deposit in the hands of the defendant, it cannot be said he has sustained any damage.

Generally, an attaching creditor acquires no greater interest in property attached than the debtor had. (*Cunningham v. Bank of Nampa,* 13 Ida. 167, 121 Am. St. 257, 88 Pac. 975, 10 L. R. A., N. S., 706.) A lien created by garnishment is subject to equities and liens then existing in favor of the garnishee and against the defendant; and the garnishee can be held only for the excess or the surplus remaining after the satisfaction of his claim. (28 C. J. 258, sec. 355.) It follows that if the defendant would have had the right, as against the House of North, to apply the deposit to the payment of the matured obligations held by it, the same right could have been asserted by it against any lien the plaintiff might acquire through garnishment process. The fact that the House of North was indebted to the bank on matured notes in a sum greatly in excess of the amount of the deposit in the bank is admitted.

It can no longer be disputed that, as between the bank and the depositor, the former has the right to apply any deposit owed by it to the latter to the payment of any indebtedness held by it against the depositor. It is required only that there be that mutuality required as in other cases, that is, that the debts be due to and from the same persons in the same capacity. (3 R. C. L. 588; 4 Cal. Jur. 270; 7 C. J. 653 et seq.)

It is unnecessary to decide whether this right is the exercise of a general banker's lien under the authority of

C. S., sec. 6415, or is the compensation or set-off of cross-demands under the authority of C. S., sec. 6697.

[1-4] As against the depositor, the bank has the right at any time before actual payment to him to apply the deposit to the payment of his matured debts or obligations held by the bank. An attaching creditor subjects to the payment of the judgment he may ultimately obtain only such balance as may be found to be due to the depositor. That a garnishee bank has the right to set off against the indebtedness owing from it to the depositor, a defendant in an attachment suit, any indebtedness due from him to it and that the lien of the garnishment reaches only the excess, see 28 C. J. 279 et seq.; *John M. C. Marble Co. v. Merchants' Nat. Bank,* 15 Cal. App. 347, 115 Pac. 59. If the plaintiff in this case had instituted his action against the House of North and had caused notice of garnishment to be served upon the bank, he would have acquired a lien only on the claim of the House of North against the bank after the payment of the matured obligations held by the bank against the maker of the check. Such a procedure would have availed the plaintiff nothing. The fact that the plaintiff was the holder of the check did not empower him to sue the bank in the absence of acceptance or certification by it and he could not by attachment or garnishment acquire a claim against the fund superior to the claim or right of the bank.

The judgment appealed from is reversed, with instructions to dismiss. Appellant will recover costs.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.

GIVENS, J.—I concur because the respondent proved no damages.

Budge, J., deeming himself disqualified, took no part in the decision.

Petition for rehearing denied.