525 P.2d 990

George MEYER, doing business as the Gunhaus, Plaintiff-Appellant,

v.

The IDAHO FIRST NATIONAL BANK, Defendant-Respondent.

No. 11259.

Supreme Court of Idaho.

July 10, 1974.

Rehearing Denied Sept. 6, 1974.

Derr, Derr, Walters & Cantrill, Boise, for plaintiff-appellant.

Langroise, Sullivan & Smylie, Boise, for defendant-respondent.

McQUADE, Justice.

This action arises out of a bank's set-off of the funds in a depositor's checking account against the depositor's note that was in default to the bank. The plaintiff-appellant, George Meyer, operates a repair and retail sale of firearms business as a sole proprietorship. Meyer maintained a business checking account with the defendant-respondent, the Idaho First National Bank, and in 1971 he borrowed $2,886.94 from the bank repayable in $500 monthly installments. The appellant made three monthly payments, but failed to pay the fourth installment and paid only $350 the fifth month. The bank deemed the appellant in default and without notice to him applied the funds in the appellant's business checking account to the unpaid balance of the note. The appellant was notified of the bank's action when he received the note marked "Paid in Full". In the interim, the appellant had been making deposits and drawing checks on the account, and because of the bank's depletion of his account, a total of $2,216.90 in checks were dishonored. The bank also charged the appellant $36.00 for handling the insufficient fund checks.

The appellant filed an action against the bank seeking damages. The bank moved to dismiss the action on the ground that the appellant failed to state a claim upon which relief could be granted. Treating the motion as one for summary judgment,

the trial court granted the bank's motion and a judgment of dismissal was entered. The appeal is from that judgment.

The appellant contends that the bank's action of setting-off the funds in his checking account against the note constituted a taking of his property without due process of law in violation of the Idaho and United States Constitutions.[1] The appellant argues that the bank failed to comply with the due process requirements announced in the cases of Sniadach v. Family Finance Corporation,[2] and Fuentes v. Shevin.[3] It is argued that the bank should have given the appellant notice of its intention to set-off the debt against the appellant's checking account, and the appellant should have been given the opportunity to contest the set-off. Since the filing of the briefs and the oral argument in this action, the United States Supreme Court has modified the due process requirements for seizure of property for indebtedness in the case of Mitchell v. W. T. Grant Company.[4] For the purposes of this opinion, the due process requirements for seizure for indebtedness set forth in Mitchell v. W. T. Grant Company need not be discussed.

■ The due process guarantees of the Fourteenth Amendment of the United States Constitution and art. I, § 13 of the Idaho Constitution are limitations on state action. Before the due process requirements can be applied, it must be determined that the bank's set-off involved state action.

The appellant contends that state action was involved in the set-off because the procedure is authorized by I.C. § 45–808 which provides:

"A banker has a general lien, dependent on possession, upon all property in his hands, belonging to a customer, for the balance due to him from such customer in the course of the business."

The bank contends that there was no state action involved in setting-off the checking account against the debt, and it argues that it was acting pursuant to the equitable self-help remedy of set-off.

■■ The relationship between a bank and the depositor is that of debtor and creditor. The funds deposited become the property of the bank and the bank's obligation to the depositor is to pay out an equal amount upon demand.[5] In the case of Gonsalves v. Bank of America National Trust & Savings Association,[6] the California Supreme Court dealt with the distinction between a banker's lien statute with the same wording as I.C. § 45–408 and the right of set-off. It was held that:

"The banker's lien described in this statute is, properly speaking, a lien on the securities such as commercial paper deposited with the bank by the customer in the course of business. The so-called 'lien' of the bank on the depositor's account or funds on deposit is not technically a lien, for the bank is the owner of the funds and the debtor of the depositor, and the bank cannot have a lien on its own property. The right of the bank to charge the depositor's fund with his matured indebtedness is more correctly termed a right of set-off, based upon general principles of equity."[7]

In Holloway v. First National Bank,[8] a bank's action of applying deposited funds to a debt owed the bank by the depositor

1. Idaho Const., art. 1 § 13; United States Const. amend. XIV.

2. 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

3. 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

4. 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).

5. Bank of Marin v. England, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966); Peter-son v. Idaho First National Bank, 83 Idaho 578, 367 P.2d 284 (1961); Davison v. Allen, 47 Idaho 405, 276 P. 43 (1929).

6. 16 Cal.2d 169, 105 P.2d 118 (1940); *see also*: Olsen, The Appropriation of Deposits for Debts: Levis, Liens and Setoffs, 90 Banking Law J. 827 (1973); *note*, 38 Harv.L.Rev. 800 (1925).

7. *Id.*, at 105 P.2d 121.

8. 45 Idaho 746, 265 P. 699 (1928).

was upheld, but this Court avoided the issue of whether the bank was acting pursuant to the banker's lien statute or the right of set-off. That issue must be resolved in this action, and it is held that when a bank applies deposited funds to a debt owed by the depositor, it is acting pursuant to the right of set-off.

The appellant contends that even if the bank was not acting pursuant to the banker's lien, state action was still involved because the right of set-off has been codified by I.C. § 5-615 which provides:

"When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, the two demands shall be deemed compensated, so far as they equal each other, and neither can be deprived of the benefit thereof by the assignment or death of the other."

The United States Supreme Court in the case of Moose Lodge No. 107 v. Irvis [9] recently held that state action occurs when the state significantly involves itself in the questioned activity. As previously stated, the funds deposited with a bank become the bank's property, and the depositor becomes a creditor of the bank. The bank's set-of is merely a bookkeeping entry in which it transfers funds from the depositor's checking account to satisfy the defaulted note. There is no significant state involvement in the bank's set-off, but it is the exercise of an independent self-help remedy. The provision for set-off found in I.C. § 5-615 does not encourage or compel the exercise of set-offs. It is neutral and merely states the obvious that if a bank owes money to a depositor, and if the depositor owes the bank money, the two debts can cancel each other out.

The question of whether a bank's exercise of set-off involves state action was recently raised in California. Similar to Idaho, California has a statute defining the right of set-off.[10] In the case of Kruger v. Wells-Fargo Bank,[11] a bank without notice set-off a depositor's checking account against her charge account contract with the bank. The California Supreme Court held that the set-off did not involve state action, and therefor there was no denial of due process of law. Additionally, in the case of Fletcher v. Rhode Island Hospital Trust & National Bank [12] it was held that a bank's set-off of a depositor's checking account against a debt owed the bank through use of an unsolicited bank credit card did not involve state action.

The bank's set-off of the appellant's business checking account against his note owed to the bank was a self-help remedy not constituting state action, and therefore the guarantee of due process of law was not violated.

Judgment affirmed. Costs to respondent.

SHEPARD, C. J., DONALDSON and McFADDEN, JJ., and NORRIS, District Judge, concur.

---

9. 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972).

10. Calif.Code of Civ.Pro. § 431.70.

11. 11 Cal.3d 352, 521 P.2d 441 (Cal.Sup.Ct. 1974). *See also:* Jojola v. Wells Fargo Bank, —— F.Supp. —— (N.D.Cal., filed May 8, 1973).

12. 496 F.2d 927 (1st Cir., filed May 9, 1974).