666 P.2d 639

**Virginia Mae RUDD, Plaintiff, Cross-defendant, Respondent,**

v.

**Clarence J. RUDD, Defendant, Cross-plaintiff, Appellant.**

No. 14252.

Supreme Court of Idaho.

July 8, 1983.

Clarence J. Rudd, pro se.

Danny J. Radakovich of Rapaich & Knutson, Lewiston, for plaintiff, cross-defendant, respondent.

BAKES, Justice.

This case stems from an action for divorce and property division originally filed by respondent on June 3, 1974. Appellant is appealing the decision of the district court upholding an amended decree and property division issued by a magistrate.

Respondent filed an action for divorce in 1974. On June 4, 1975, the magistrate issued a decree of divorce dividing the personalty of the parties and ordering the real property sold and the proceeds divided, after deducting costs. Appellant attempted to appeal this decision, but his appeal was dismissed. The magistrate then issued an order of sale, which was not acted upon, thus leaving the parties' property unsold and undivided.

On November 9, 1979, respondent's attorney filed a motion asking the court for an order dividing the remainder of the community property. After a hearing, the magistrate issued findings of fact and conclusions of law, in which he stated that he was treating the motion as a Rule 60(b)(5) motion for relief from the original decree. Due to the changed condition of the parties' property, he concluded that it was no longer equitable to apply the original decree, and thus set it aside and issued an amended decree on June 13, 1980.

On July 11, 1980, appellant filed a notice of appeal to the district court from the amended decree. A hearing on a motion to dismiss the appeal was held before the district court on January 29, 1981. The district court later issued an opinion and order on June 12, 1981, affirming the amended decree.

Appellant filed a notice of appeal with this Court, alleging violation of his constitutional rights and lack of jurisdiction on the part of the trial judge. Among the errors appellant argues are: (1) that he was denied his due process rights; (2) that he was denied his right to a jury trial; (3) that he was wrongfully denied a change of venue; (4) that the magistrate who originally heard the case lacked jurisdiction; and (5) that the magistrate lacked jurisdiction to issue the amended decree. We will consider appellant's alleged errors in the above order.

I

Appellant alleges that he was denied due process of law. He alleges that his proper-

ty was taken without a hearing as required by the Constitution. The United States Constitution provides:

"[N]or shall any state deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV.

Due process of law is also guaranteed under the Idaho Constitution. It reads:

"No person shall be . . . deprived of life, liberty or property without due process of law." Idaho Const. art. 1, § 13.

The due process guarantees derived from both the United States Constitution and the Idaho Constitution are substantially the same. *State v. Peterson,* 81 Idaho 233, 340 P.2d 444 (1959).

■ The right to procedural due process guaranteed under both the Idaho and United States Constitutions requires that a person involved in the judicial process be given meaningful notice and a meaningful opportunity to be heard. *See Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); *Mays v. District Court,* 34 Idaho 200, 200 P. 115 (1921).

■ Appellant was given notice of the respondent's motions to modify the sale and for division of property. A certification is included on both of these documents indicating that copies were delivered to appel-

lant. Both include notices of hearing dates. Further, there appears in the record an order to appear at a hearing scheduled by the magistrate, with a certification of delivery of a copy of this notice to the defendant.

■ Appellant received the hearings to which he is entitled under the Constitution. There is evidence in the record that hearings were held on several dates, including November 13, 1978, and February 9, 1979.[1] Although we do not know what issues were discussed at those hearings because transcripts were not included in the record on appeal, the magistrate, in his amended decree, noted the following:

"[V]arious hearings were held, testimony presented, stipulations made, and property disposed of . . . ."

This indicates that the magistrate conducted a hearing for the purpose of determining the disputed issues between the parties. This is all that is required to meet the procedural due process guarantees under either Constitution. Appellant was not denied his right to procedural due process.[2]

## II

■ Appellant alleges a denial of his right to a jury trial.[3] He claims that a jury should have been allowed to resolve the disputed property claims involved in this action. The Idaho Constitution guarantees

---

1. The record also indicates that a hearing was conducted before the magistrate on April 16, 1975, at which appellant appeared in person. Thus, he was also afforded a hearing during the initial proceedings in this case.

2. Appellant also claimed that he was denied due process because his property was taken without just compensation. As we previously noted, appellant received notice and opportunity to be heard required by the Constitution, but we would also note that the fourteenth amendment is a limitation only on state action. *Meyer v. Idaho First National Bank,* 96 Idaho 208, 525 P.2d 990 (1974). Appellant has not here alleged any state action which deprived him of property. He claims his separate property was declared to be community property, and that property was sold without appellant receiving any money. There is nothing in the record to indicate that these actions were taken other

than in regard to settlement of a dispute between private parties, *i.e.,* settlement and division of property upon divorce.

3. Appellant claims his right stems from the seventh amendment to the United States Constitution. The United States Supreme Court has never held that the seventh amendment right to a jury trial in civil cases is applicable to the states. In fact, the Court has held that the fourteenth amendment, which does apply to the states, neither implies nor requires jury trials in state civil trials. *Hardware Dealers Mut. Fire Ins. Co. v. Glidden Co.,* 284 U.S. 151, 52 S.Ct. 69, 76 L.Ed. 214 (1931); *see also Fay v. New York,* 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043 (1947); *Palko v. Connecticut,* 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937), overruled on other grounds, *see Benton v. Maryland,* 395 U.S. 784, 793, 89 S.Ct. 2056, 2061, 23 L.Ed.2d 707.

the right to a jury trial in cases arising at common law. *See* Idaho Const. art. 1, § 7.

■ This provision's "function is to preserve the right [to a jury trial] as it existed at the date of the adoption of the Constitution." *Anderson v. Whipple*, 71 Idaho 112, 227 P.2d 351 (1951). Historically, the right to trial by jury existed only in cases at common law, not in cases triable in a court of equity. Thus, by preserving the right as it existed, this constitutional provision merely preserves the right to a trial by jury in cases at common law. "Th[is provision was] not intended to and do[es] not extend the right of trial by jury to suits in equity." *Anderson v. Whipple, supra.*

■ In Idaho, an action for divorce is an action in equity. *Hiltbrand v. Hiltbrand*, 68 Idaho 275, 193 P.2d 391 (1948). Thus, the right to a jury trial does not exist in divorce actions. Since no right existed, appellant was not denied any constitutional rights under Article 1, § 7, of the Idaho Constitution.

### III

Appellant argues he was wrongfully denied a change of venue. He combines this argument with his jurisdictional argument, saying that because a change of venue was filed, the magistrate had no jurisdiction to act.

■ Appellant misconstrues the rules concerning changes of venue. The mere filing of a request for change of venue does not deprive a judge of jurisdiction to hear the cause.

■ I.C. § 5–404, which governs changes of venue, provides that:

"5–404. OTHER ACTIONS—VENUE DETERMINED BY RESIDENCE—EXCEPTIONS.—In all other cases the action must be tried in the county in which the defendants, or some of them, reside, at the commencement of the action . . . ."

This section applies to divorce actions. *Finnell v. Finnell*, 59 Idaho 148, 81 P.2d 401 (1938). In the present case, appellant, the defendant, resides in Nez Perce County. The record shows that the present action was filed in Nez Perce County.[4] Thus, the case as originally filed complied with I.C. § 5–404.

A change of venue can be granted pursuant to I.R.C.P. 40(e). That rule reads:

"RULE 40(e). CHANGE OF VENUE.— (1) Judge or magistrate may grant a change of venue or change the place of trial to another county in any civil action as provided by statute, and the judge or magistrate *must,* on motion pursuant to Rule 12(b), change the venue of a trial when it appears by affidavit or other *satisfactory proof:*

. . . .

(B) That there is reason to believe that an impartial trial cannot be had therein, . . . ." (Emphasis added.)

Thus, a motion for change of venue is discretionary with the trial judge unless two criteria are met. First, the movant must make a motion under Rule 12(b), and second, the movant must present satisfactory proof of impartiality or other reason cited by the rule. Appellant has complied with neither of these requirements.

■ First, Rule 12(b) requires that a motion for change of venue be made before the party making the motion enters a responsive pleading, if one is permitted. I.R.C.P. 12(h) provides that a motion for change of venue under Rule 12(b) is waived if the assertion is not made pursuant to the rule or included in a responsive pleading. In the present case, appellant's motion for change of venue was not filed until February 7, 1979, whereas the last responsive pleading filed by appellant was filed on July 29, 1974. Thus, under Rule 12(b) appellant

---

**4.** Appellant also argues that he should have been granted a change of venue because a magistrate who was assigned to the case was a Latah County judge, and since appellant lives in Nez Perce County it would be a hardship upon him to travel to Latah County. However, even though the magistrate who sat in the present case normally sits in Latah County, for purposes of the present action he was appointed to hear the case in Nez Perce County, and not Latah County. Thus, appellant's argument is unfounded.

waived his right to assert a motion for change of venue.

■ In addition, a movant must assert a proper ground before a change of venue will be granted. In this case appellant alleges that he could not receive an impartial hearing before this magistrate. However, that is not a ground for change of venue under Rule 40(e).[5]

## IV

■ Appellant argues that the magistrate who heard this action lacked the jurisdiction to do so. He asserts that magistrates lack the jurisdiction to hear cases involving more than $1,000 in controversy. The rule that governed the jurisdiction of attorney magistrates at the time this action commenced [6] was Rule 25 of the Rules of the Court for Magistrates Division of the District Court and District Court. That rule reads:

"RULE 25. ADDITIONAL JURISDICTION—ATTORNEY MAGISTRATES.— Additional jurisdiction when approved by a majority of the district judges in the district may be granted attorney magistrates pursuant to I.C. § 1–2210, as follows:

"(a) civil actions where the amount of damages or value of the property claimed exceeds $1,000 and does not exceed $2,500;

" . . . .

"(c) all proceedings for divorce, separate maintenance or annulment . . . . " [7]

Appellant mistakenly attempts to apply subsection (a) of Rule 25 to the present case, when the proper subsection to apply is subsection (c) of that rule. A lawyer magistrate is given jurisdiction over all proceedings in a divorce action. Since all of the proceedings involved in this case including the property division concerned the divorce action pending between the parties, the magistrate had jurisdiction of this action.[8]

## V

■ Finally, appellant argues that the magistrate lacked the jurisdiction to modify the property settlement decree involved in this case. The unique set of facts presented in this case is crucial to our decision on this issue. Accordingly, a detailed review of the record must be undertaken to aid in the decision on this issue.

The original decree of divorce, issued June 5, 1975, gave several articles of personal property to appellant, but ordered that the remaining personal property and real property be sold and the proceeds divided. An order of sale was signed, based on this decree, but never acted upon. The property remained in the possession of the spouse who had control of it during the divorce proceedings.

Three years later, in October, 1978, respondent's new attorney began again to attempt to effectuate some sort of final division of the property. He filed a motion to modify the order of sale, to change it from a public sale to a private sale. This order was apparently never acted upon.

---

5. Although not entirely clear from the record, appellant might have been seeking not a change of venue but a disqualification of the magistrate judge. The rules that govern disqualification of judges are located in I.R.C.P. 40(d). However, even if he was seeking a disqualification of a judge, his motions were not timely filed. Motions for disqualification of judges under Rule 40(d)(1) and 40(d)(2) must be filed no later than five days after notice setting the action for hearing. Appellant's motion for "change of venue" was not filed until nearly five years after the first notice indicating that the action had been set for hearing.

6. It appears from the findings of fact filed by the district court judge in this case that the

case was assigned to the magistrate as early as September 24, 1974.

7. This rule is located in the 1974 pocket supplement to the superseded volume of the Idaho Rules of Civil Procedure. The rule was in effect until January 1, 1975. It has now been superseded by I.R.C.P. 82(c).

8. We would also note that I.C. § 1–2214 indicates that an objection to the assignment of a case to a magistrate is waived unless made before trial or hearing begins. There is no indication in the record that such objection was made in the present case.

During this time respondent's attorney was apparently attempting to negotiate a settlement between the parties. The record reflects that the parties did reach a settlement, agreed to in open court on October 13, 1978, and evidenced by a later written stipulation filed November 29, 1978, and signed by both parties and their attorneys.[9] This stipulation, which varied from the terms of the earlier decree, was apparently a recognition by the parties that the prior decree issued by the magistrate should not be given force and effect because of the changed conditions of the parties' property. This stipulation in effect changed the prior decree of the magistrate court.

After the stipulation was signed by the parties, they again had difficulty effectuating a sale and division of the property. Appellant apparently repudiated the stipulation, and refused to divide the property according to the stipulation.[10] Respondent's attorney then filed a motion asking the court to divide the property of the parties. The court, after hearings, did so, issuing an amended decree which recognized that the parties could no longer comply with the original decree (nor indeed did

they want to, as evidenced by their stipulation).[11]

The magistrate based his decision on I.R. C.P. 60(b)(5).[12] That rule allows a trial court to modify an existing judgment if it is no longer equitable that the judgment have prospective effect. To rely on Rule 60(b)(5), a movant must show two things: (1) that the judgment is prospective in nature; and (2) that it is no longer equitable to enforce the judgment as written. Normally, a prospective judgment is one in the nature of an injunction or a restraining order. In the present case we are dealing with a divorce decree. However, it is not absolutely necessary that the decree sought to be changed be an injunction; it is only necessary that the judgment have prospective application.

"[T]he breadth of (b)(5) is broad and encompasses any *final* judgment having prospective application.... [T]he crucial issues are whether the judgment has prospective application and whether it is no longer equitable that it have such application. Thus 60(b)(5) is applicable to a declaratory judgment insofar as the judgment ... operates prospectively. When

9. The stipulation between the parties contains the following language:
  "Come now the parties and their respective counsel and affirm the stipulation made in this matter between the parties in open court before the Honorable Robert W. Felton on the 13th day of November, 1978, to wit:
  "1. That the parties themselves shall attempt to divide the community personal property which was acquired during their marriage.
  . . . .
  "2. That the parties' real property in Orofino, Idaho, shall be sold for cash.
  . . . .
  "3. The parties' Lewiston property shall be appraised by Western Appraisals, and the parties' equity in such property shall be determined. There will then be a final division and accounting of the parties' community property prepared . . . ."

10. Indications of the appellant's non-cooperation are present in various places in the record. At one point the magistrate issued an order with the following language:
  "THE COURT having experienced difficulty in resolving the remaining issues in the above entitled matter due to the fact that the de-

fendant refuses to be represented by counsel and refuses to appear to represent himself . . . ."
Also in the record is a letter from respondent's counsel to the magistrate which contains the following language:
  "Mr. Rudd has continually frustrated the efforts of everyone involved in this case to provide him with an orderly resolution of his claims . . . ."

11. Language from the findings of fact of the magistrate include:
  "That the personal property of the parties was never sold pursuant to the requirements of the previously mentioned decree of divorce and order of sale, and said personal property is now so scattered and deteriorated that a sale of such property would be impractical."

12. I.R.C.P. 60(b)(5) reads:
  "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) ... it is no longer equitable that the judgment should have prospective application . . . ."

it is inequitable that a judgment should continue to be a lien on the judgment debtor's property, relief from the lien may be given. And in any other situation when the judgment has prospective application relief may be given from its prospective features when subsequent events make it no longer equitable that the judgment have prospective application." Moore's Federal Practice, § 60.-26[4], p. 337.

The judgment in the present case did operate prospectively in that it contemplated a sale of the parties' property at some time in the future. Thus, in this respect it was a judgment that operated prospectively.

Under Rule 60(b)(5) a movant must also show a sufficient change of circumstances rendering enforcement of the judgment inequitable. Such a showing was made in the present case. The original decree ordered all of the property owned by the parties to be sold and the proceeds divided. However, the record reflects that by the time the motion for a final division of property was made much of the personal property had either disappeared or become worthless. Thus, it was no longer equitable that the 1975 decree continue in force to affect property that may or may not have existed in 1978, especially considering the stipulation entered into by the parties to dispose of the property in a manner different than the 1975 decree. Thus, the magistrate did not err in entering the amended decree on June 13, 1980.

Affirmed. Costs to respondent. No attorney fees allowed.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.