701 P.2d 196

**FIRST. INTERSTATE BANK OF IDA-HO, a National Banking Association, Plaintiff-Appellant,**

v.

**Peter A. GILL; W. Dennis Leslie and Shirley Leslie, husband and wife, Defendants-Respondents.**

No. 15363.

Supreme Court of Idaho.

Feb. 1, 1985.

M. Jay Meyers, Pocatello, for plaintiff-appellant.

Craig R. Jorgensen and L. Lamont Jones, Pocatello, for defendants-respondents.

HUNTLEY, Justice.

BAC, Ltd., a partnership composed of a general and a limited partner, gave its promissory note to First Interstate Bank ("Bank") for a loan of $250,000. BAC also gave the Bank a deed of trust to some Chubbuck property to secure the loan. The note was signed by Gill, Christensen, and Bishop as partners, and in their individual capacities.

Thereafter, Bishop was released by a modification agreement, and Leslie replaced him as grantor agreeing to accept all the terms of the original promissory note. Mr. and Mrs. Leslie pledged their

First Interstate Savings account and Idaho First certificates of deposit as additional security for the loan as modified. They signed a pledge agreement which stated generally that Leslies' pledge would stand until the debt was paid in full; and that Leslies agreed to waive the right to require the bank to proceed against or exhaust any other collateral before exerting its right of set-off against Leslies' pledged collateral. Finally, Leslies agreed that their collateral would stand regardless of whether their personal liability terminated, or whether action against them was barred by the statute of limitations.

Later BAC transferred the Chubbuck property to Chubbuck Associates, Ltd., in which Leslie was a limited partner.

The $250,000 note was not repaid. A trustee's sale date was set (pursuant to non-judicial trust deed foreclosure proceedings), but was stayed by bankruptcy proceedings filed by Chubbuck Associates.

Eventually the Bank commenced proceedings in Idaho District Court, pleading the loan and pledge agreements, and seeking encashment, application of the pledged account and CDs, and deficiency judgments against Gill, Christensen, and Leslie. Gill and Christensen filed for bankruptcy. Leslies answered the Bank's complaint alleging the Bank must first exhaust its remedies against the Chubbuck property prior to setting off against the account and the CDs.

In April, 1982, the Chubbuck property was sold at a trustee's sale to the Bank for $302,000. Leslie was present with counsel.

In May, 1982, the Bank gave written notice to Leslie that it intended to apply the savings account and the CDs to the debt, and requested written objection. Leslies did not respond, but instead counterclaimed and moved for summary judgment on the grounds that the Bank had not filed an action for deficiency judgment pursuant to I.C. § 45–1512, thus waiving its right to set-off. The trial court held that the Bank by failing to file an action pursuant to I.C. § 45–1512 had waived the right to apply the value of the savings account and the

CDs to the debt. Summary Judgment was granted to Leslies; they were awarded the savings accounts and the CDs, plus interest thereon. The trial court also awarded attorney's fees to Leslies on the ground that the Bank had acted unreasonably and without foundation in setting off the savings account and CDs.

We reverse and remand for further proceedings consistent with this opinion.

■ It cannot be disputed that funds deposited with a bank become its property, and its obligation becomes one to pay out an equal amount on demand. *Meyer v. Idaho First National Bank*, 96 Idaho 208, 525 P.2d 990 (1974). A bank also has a general lien on all property in its possession belonging to a customer for the balance due it from the customer in the due course of business. I.C. § 45–808. In addition, the record shows that the Leslies voluntarily pledged their assets to the bank as collateral for the loan. In their pledge agreement they granted to the Bank the right to set-off their savings account and CDs against any deficiency in payment on the debt:

> *In the event of the nonpayment of any indebtedness when due,* or upon the happening of any of the events specified in the last preceding paragraph, *Bank may then, or at any time thereafter, at its election, apply, set-off,* collect or sell in one or more sales, with or without any previous demands or demand of performance or notice or advertisement, *the whole or any part of the collateral in such order as Bank may elect, * * *.* (Emphasis added).

Leslies also contractually waived their right to require the Bank to proceed against other persons or collateral, or pursue other remedies before proceeding against Leslies' collateral.

■ Leslies contend that the Bank violated its particular duty to them, a duty arising from the debtor/creditor relationship. They contend their agreement with the bank is a contract of adhesion, and that the language of the agreement is not un-

equivocal. We disagree. The record shows the Leslies voluntarily pledged their assets to the bank in an arms-length business agreement. The language of the agreement they executed is clear and unambiguous.

Leslies also argue that I.C. § 45–1512 required the Bank to seek a money judgment for the deficiency from the sale before off setting the collateral. Since the Bank did not seek a deficiency judgment against the principals within the statutorily prescribed 90 days, Leslies contend they are discharged from their guarantor's obligation on the deficiency by operation of law.

I.C. § 45–1512 provides:

**45–1512. Money judgment—Action seeking balance due on obligation.**—At any time within 3 months after any sale under a deed of trust, as hereinbefore provided, a money judgment may be sought for the balance due upon the obligation for which such deed of trust was given as security, and in such action the plaintiff shall set forth in his complaint the entire amount of indebtedness which was secured by such deed of trust and the amount for which the same was sold and the fair market value at the date of sale, together with interest from such date of sale, costs of sale and attorney's fees. Before rendering judgment the court shall find the fair market value of the real property sold at the time of sale. The court may not render judgment for more than the amount by which the entire amount of indebtedness due at the time of sale exceeds the fair market value at that time, with interest from date of sale, but in no event may the judgment exceed the difference between the amount for which such property was sold and the entire amount of the indebtedness secured by the deed of trust.

The issue is whether the Leslies had an interest in the realty of the sort intended to be protected by the statute. Clearly, they did not. The Leslies were limited partners in Chubbuck Associates, Ltd., which had been holder of the Chubbuck property. By the terms of Chubbuck Associates Ltd. partnership agreement, Leslies had no right to receive specific property other than cash for their contribution. In addition, I.C. § 53–218, in effect at the time of this action, provided that "[a] limited partner's interest in the partnership is personal property." The Leslies, then, had no real property interest which was subject to foreclosure, and therefore the deficiency statute was inapplicable.

Finally, we reverse as to the award of attorney fees to Leslies. The Bank acted pursuant to an agreement which included the right of set-off against pledged assets. Leslies were notified in writing of the Bank's intent to off-set, and were given the opportunity to provide written objection. Leslies failed to do so and indeed the record reflects no legal basis for a valid objection. There is no indication that the Bank acted without foundation or was unreasonable under the circumstances.

Costs and attorney fees to appellant.

DONALDSON, C.J., BAKES, J., and OLIVER, J. Pro Tem., concur.

SHEPARD, J., dissents without opinion.