**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44522**

| | | |
|---|---|---|
| PATRICIA J. THOMPSON, | ) | 2017 Opinion No. 45 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: September 22, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| RONALD L. THOMPSON, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. D. Duff McKee, District Judge; Hon. Debra A. Orr, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming denial of motion for relief from judgment and grant of motion to dismiss, <u>affirmed</u>.

Strother Law Office; Jeffrey A. Strother, Boise, for appellant. Jeffrey A. Strother argued.

Ludwig, Shoufler, Miller, Johnson, PLLC; Daniel A. Miller, Boise, for respondent. Daniel A. Miller argued.

_____

GUTIERREZ, Judge

Patricia J. Thompson appeals from the district court's order affirming the magistrate's denial of Patricia's motion for relief from judgment and granting Ronald L. Thompson's motion to dismiss and award of attorney fees. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Patricia and Ronald stipulated to a judgment and decree of divorce on July 23, 2013. The magistrate entered its judgment and decree of divorce on August 21, 2013. The judgment states, "[Patricia] shall own, control and as beneficiary be entitled to continue in effect, at her sole

1

expense, the current Term Life Policy on [Ronald]." The judgment also states, "Each party shall execute any and all documents necessary to effectuate the terms and conditions set forth herein."

On October 30, 2014, Patricia filed a motion for relief from judgment pursuant to Idaho Rules of Civil Procedure 60(a), 60(b)(5), and 60(b)(6).[1] In her motion, Patricia asserted that between July 23, 2013, and August 21, 2013, she contacted the insurance company regarding the status of the life insurance policy. The company informed her that the annual premium on the policy had been paid through August 2014. She again contacted the insurance company in June 2014 and learned that the policy had expired. She then contacted Ronald's attorney, who informed Patricia that the policy had expired on September 26, 2013, and the premiums were never paid through August 2014. In her motion, Patricia argued it was not equitable to enforce the judgment as written because the policy had lapsed, and Ronald had breached his fiduciary duty and/or the implied covenant of good faith and fair dealing associated with the parties' stipulation.

Ronald moved to dismiss pursuant to I.R.C.P. 12(b)(6), arguing Patricia's motion for relief from judgment failed to state claims upon which relief could be granted. Both sides filed affidavits in support of their arguments. Patricia moved for time to conduct discovery pursuant to I.R.C.P. 56(f),[2] arguing the magistrate should treat Ronald's motion to dismiss as a motion for summary judgment pursuant to I.R.C.P 56, and discovery would allow Patricia to establish the insurance company sent notices regarding the life insurance policy to Ronald. The magistrate held a hearing on all the motions and entered an order granting Ronald's motion to dismiss,

---

[1]     On appeal, Patricia does not argue for relief from the judgment pursuant to I.R.C.P. 60(a) or 60(b)(6). A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Accordingly, Patricia has waived consideration on the issue pursuant to I.R.C.P. 60(a) and 60(b)(6).

[2]     Idaho Rule of Civil Procedure 56(f) has since been amended and is now Rule 56(d). At the time, I.R.C.P. 56(f) read:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

I.R.C.P. 56(f) (2015) (amended 2016).

denying Patricia's motion to continue and, in effect, denying Patricia's motion for relief from judgment.

Patricia appealed to the district court. The district court affirmed the magistrate's decision, holding Ronald did not owe Patricia any duty with regard to the life insurance policy and awarding attorney fees to Ronald. Patricia timely appeals from the district court's order.

## II.

## ANALYSIS

Patricia asserts the district court erred in affirming the magistrate's denial of both Patricia's motion for relief from judgment and her motion for continuance, as well as granting Ronald's motion to dismiss and award of attorney fees. For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

### A. Motion for Relief From Judgment

Patricia first argues the district court erred in affirming the magistrate's denial of her motion for relief from judgment. The decision to grant or deny a motion for relief from judgment pursuant to I.R.C.P. 60 is committed to the discretion of the trial court. *Printcraft Press, Inc. v. Sunnyside Park Utilities, Inc.*, 153 Idaho 440, 448, 283 P.3d 757, 765 (2012). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

On appeal, Patricia argues she has a valid claim for equitable relief pursuant to I.R.C.P. 60(b)(5). Idaho Rule of Civil Procedure 60(b)(5) states: "On motion and just terms, the court may relieve a party . . . from a final judgment . . . [if] applying [the judgment] prospectively is no longer equitable." Thus, Rule 60(b)(5) requires a movant to show: "(1) that the judgment is prospective in nature; and (2) that it is no longer equitable to enforce the judgment as written." *Meyers v. Hansen*, 148 Idaho 283, 289, 221 P.3d 81, 87 (2009); *Rudd v. Rudd*, 105 Idaho 112, 118, 666 P.2d 639, 645 (1983)). Though "the definition of a prospective judgment can be elusive and circular," *Meyers*, 148 Idaho at 290, 221 P.3d at 88, with no definitive test, a judgment is prospective and modifiable under Rule 60(b)(5) "if it is susceptible to the legal or equitable rights of the parties as they evolve due to changes in law or circumstances." *Meyers*, 148 Idaho at 290, 221 P.3d at 88; *see Fix v. Fix*, 125 Idaho 372, 378, 870 P.2d 1331, 1337 (Ct. App. 1993) (holding divorce decree requiring a husband to assign one-half of his oil well royalties was prospective in nature because it required the husband to actually assign the royalty rights and such assignment had not yet been made). The typical prospective judgment is an injunction or restraining order; however, when seeking to change a divorce decree, the crux of the matter is that the judgment has prospective application. *Rudd*, 105 Idaho at 118, 666 P.2d at 645.

Patricia asserts this case is similar to *Rudd*. In that case, the parties stipulated to a judgment and decree of divorce, which ordered that property be sold and the proceeds divided between the parties. *Id.* at 114, 666 P.2d at 641. The sale never occurred, and the property became "so scattered and deteriorated that a sale of such property [was] impractical." *Id.* at 118 n.11, 666 P.2d at 645 n.11. The wife sought relief from the judgment. *Id.* at 118, 666 P.2d at 645. The Idaho Supreme Court held the judgment was prospective in nature because "it contemplated a sale of the parties' property at some time in the future," and enforcing the judgment as written was no longer equitable because "by the time the motion for a final division of property was made much of the personal property had either disappeared or become worthless." *Id.* at 119, 666 P.2d at 646. Patricia asserts the judgment in this case is prospective in nature because it could not be fully applied until Ronald assigned the life insurance policy to Patricia. Moreover, she asserts enforcing the judgment as written is no longer equitable because Ronald allowed the policy to lapse without assigning it to Patricia.

The district court held the judgment is not prospective in application. The court stated:

4

The decree was fully applied as to the life insurance property upon its issuance. There was nothing left to accomplish or adjudicate as between the parties; all of the rights and entitlements were fixed and absolute upon entry of the decree. Any further documentation was not a requirement to fix the rights between the parties, but only to document that right on the books of the insurance company. The right, duty and obligation belonged to [Patricia], if she intended to take over the benefits of the property, to complete the documentation with the company.

. . . .

. . . There was no element of performance required of [Ronald] into the future upon which any continuing jurisdiction of the court could attach. The loss of the asset was not through some unforeseen event, it was a failure on the part of [Patricia] to take the steps necessary to take control of the asset awarded to her. There exists no basis in law for relief from judgment under I.R.C.P. 60(b)(5).

. . . .

. . . [T]he judgment as entered was a final and complete adjudication of the rights of the parties with respect to the insurance policy. There was no prospective application of judgment necessary as between the parties to carry out the property division adjudicated. The only thing remaining under the judgment was execution upon the judgment, which was entirely under the control and direction of [Patricia].

We agree. The judgment states, "[Patricia] shall own, control and as beneficiary be entitled to continue in effect, at her sole expense, the current Term Life Policy on [Ronald]." Upon entry of the judgment, Patricia took legal control of the life insurance policy, thus satisfying that provision of the judgment. Any prospective action by the parties (such as the execution of documents) only served to document Patricia's ownership of the policy with the insurance company. While, the judgment did require that Patricia and Ronald cooperate with each other in providing any documentation necessary to implement parts of the decree, it did not require Ronald to assign the policy at some future date for Patricia to have legal control of the life insurance policy. This requirement to cooperate did not make the clause awarding the policy to Patricia one of prospective application. Thus, the judgment is not prospective, but instead a declarative judgment.[3] Because the judgment is not prospective in application, Patricia is not entitled to equitable relief from the judgment pursuant to I.R.C.P. 60(b)(5).[4]

---

[3]    This would be a different situation if the decree created a prospective obligation of future performance for Ronald regarding the life insurance policy; however, the decree merely stated that Patricia now owned the policy.

[4]    For the first time in her reply brief, Patricia argues the community paid for the policy through August 2014, the community interest in the policy did not lapse until August 2014, and

5

Patricia also asserts Ronald breached his fiduciary duty and/or the implied covenant of good faith and fair dealing associated with the parties' stipulation by failing to forward Patricia notices regarding the life insurance policy prior to and after the entry of the judgment.

Ronald owed Patricia a marital fiduciary duty until the marriage's termination. *See Smith v. Smith*, 124 Idaho 431, 440, 860 P.2d 634, 643 (1993). Moreover, the implied duty of good faith and fair dealing associated with the stipulation applied until the entry of the judgment. *See Phillips v. Phillips*, 93 Idaho 384, 386, 462 P.2d 49, 51 (1969). However, Ronald's failure to forward notices, if there were any, prior to the entry of the judgment did not breach either Ronald's marital fiduciary duty or the implied covenant of good faith and fair dealing associated with the stipulation because it is undisputed that the life insurance policy was in effect on August 21, 2013, the day the court entered the judgment. Also, it is undisputed that between the dates of the stipulation and entry of judgment, Patricia had contacted the insurance company and received confirmation that the policy was in effect through August 2014. In such case, any notice regarding the status of the life insurance policy prior to that date would have merely informed Patricia the policy was in effect.

Patricia's argument also fails to the extent it asserts Ronald breached the terms of the judgment or the implied covenant of good faith and fair dealing associated with the judgment by failing to forward Patricia notices regarding the life insurance policy, if there were any, after the entry of the judgment. The judgment states, "[Patricia] shall own, control and as beneficiary be entitled to continue in effect, at her sole expense, the current Term Life Policy on [Ronald]." The judgment also states, "Each party shall execute any and all documents necessary to effectuate the terms and conditions set forth herein." Neither of these provisions can be reasonably interpreted to require or imply a duty to forward notices regarding the life insurance policy after the entry of the judgment. Upon entry of the judgment, Patricia took legal control of the life insurance policy. Thus, notices were not necessary to effectuate Patricia's ownership of the policy.

---

Ronald misappropriated or destroyed the community asset by cancelling the policy before August 2014. "[T]his Court will not consider arguments raised for the first time in the appellant's reply brief." *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004). Accordingly, we will not address this issue further.

Patricia is not entitled to equitable relief from the judgment pursuant to I.R.C.P. 60(b)(5), and she has failed to show Ronald breached any duty owed to Patricia before or after the entry of the judgment. Accordingly, the district court did not err in affirming the magistrate's denial of Patricia's motion for relief from judgment.

**B.    Motion to Continue**

Patricia argues the district court erred in affirming the magistrate's denial of Patricia's motion to continue. Patricia originally argued discovery would allow her to establish that at some point the insurance company sent notices regarding the life insurance policy to Ronald.[5] The decision to grant or deny a motion to continue is committed to the discretion of the trial court. *Fagen, Inc. v. Lava Beds Wind Park, LLC*, 159 Idaho 628, 633, 364 P.3d 1193, 1198 (2016). The district court determined allowing Patricia more time to conduct discovery would serve no purpose because she had failed to state a claim upon which relief could be granted. We agree. As we have already concluded, the judgment is not prospective in application. Thus, Patricia was not entitled to equitable relief from the judgment pursuant to I.R.C.P. 60(b)(5) regardless of any facts she could have proved in discovery. Moreover, as we have already concluded, even if notices were sent to Ronald, the record does not show that Ronald breached any duty, marital or contractual, owed to Patricia before or after entry of judgment. Thus, allowing discovery to establish the insurance company sent notices regarding the life insurance policy to Ronald would have been pointless. Accordingly, the district court did not err in affirming the magistrate's denial of Patricia's motion to continue.

**C.    Motion to Dismiss**

Patricia asserts the district court erred in affirming the magistrate's grant of Ronald's motion to dismiss. According to Patricia, the magistrate and the district court should have considered Ronald's motion to dismiss as a motion for summary judgment because both courts looked to affidavits outside Patricia's motion for relief from judgment.

In addressing this argument, the district court stated:

[I]t is immaterial whether the court below considered the result of the denial of the Rule 60(b) motion under rules applicable to summary judgment or to

---

[5]    On appeal, Patricia argues discovery would also allow her to establish Ronald "executed no document necessary to transfer the policy to [her]." Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Patricia did not assert this argument below, and it will not be considered on appeal.

judgment on the pleadings. What is clear is that, however construed, the motion for relief from judgment is not sustainable. The magistrate made no findings of fact, but simply denied the motion. The ruling stands as a ruling of law that under any construction of facts within the reach of the allegations as framed in the motion, relief under the motion is not available.

Similarly, the facts contained in the affidavits submitted with and in response to the motion to dismiss do not change this conclusion. It does not matter what standard the magistrate used to analyze Donald's motion to dismiss because the outcome would be the same under applicable standards for either a motion to dismiss or a motion for summary judgment. Accordingly, the district court did not err in affirming the magistrate's grant of Ronald's motion to dismiss.

## D.    Attorney Fees

Patricia asserts the district court erred in awarding attorney fees to Ronald and opposes Ronald's request for attorney fees on appeal. An award of attorney fees may be granted under Idaho Code § 12-121 and Idaho Appellate Rule 41 to the prevailing party, and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. The decision whether to award attorney fees under I.C. § 12-121 rests in the sound discretion of the district court and will only be reversed where there is an abuse of discretion. *Bingham v. Montane Res. Assocs.*, 133 Idaho 420, 427, 987 P.2d 1035, 1042 (1999). Patricia failed to advance any legitimate claims upon which relief could be granted in either the district court or this Court. Patricia was not entitled to equitable relief from the judgment pursuant to I.R.C.P. 60(b)(5) and failed to show Ronald's failure to forward notices breached any duty owed to Patricia before or after the entry of the judgment. Accordingly, we affirm the district court's award of attorney fees and award attorney fees on appeal to Ronald.

## III.

## CONCLUSION

Patricia was not entitled to equitable relief from the judgment pursuant to I.R.C.P. 60(b)(5), and Ronald did not breach any duty owed to Patricia before or after the entry of the judgment. Thus, allowing discovery would have been futile. We affirm the district court's order affirming the magistrate's denial of Patricia's motion for relief from judgment and granting of Ronald's motion to dismiss and award of attorney fees. Pursuant to I.C. § 12-121 and I.A.R. 41, Ronald is awarded attorney fees and costs on appeal.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.