**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 34206/34207/34208/34209/34210**

| | |
|---|---|
| IN THE INTEREST OF JOHN DOE, A JUVENILE UNDER 18 YEARS OF AGE. | ) ) | 2009 Published Opinion No. 35 |
| ------------------------------------------------------------- ) | | |
| STATE OF IDAHO, | ) | Filed: May 1, 2009 |
| | ) | |
| Plaintiff-Appellant, | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant-Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JANE DOE, | ) | |
| | ) | |
| Real Party in Interest-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge. Hon. Stephen L. Calhoun, Magistrate.

Appeal from the district court's order reversing the magistrate court's order requiring reimbursement of detention costs, <u>affirmed</u>.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for appellant. Jessica M. Lorello argued.

Law Office of Neil P. Cox, Clarkston, Washington, for respondent. Neil P. Cox argued.

---

GRATTON, Judge

The State appeals from the order of the district court reversing the magistrate's order which required John Doe and his mother to reimburse Nez Perce County Court Services for the costs of Doe's detention. We affirm the district court.

# I.

## FACTS AND PROCEDURAL BACKGROUND

In July of 2006, due to probation violations, Doe was ordered detained in the Region II Juvenile Detention Center where he remained for 80 days. A final disposition hearing was conducted on September 29, 2006, and a written order entered thereafter. Regarding Doe's probation violations, the magistrate ordered Doe to spend 80 days in detention, giving credit for the 80 days already served, and, among other things, held Doe primarily liable and his mother secondarily liable for the costs of detention totaling $13,600.

Thereafter, an order for restitution and judgment was entered against Doe and his mother in the amount of $13,945.[1] Doe appealed to the district court claiming that he and his mother were not afforded procedural due process regarding imposition of the costs of detention. The magistrate's order was reversed and remanded by the district court. The State appeals.

# II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.*

Idaho Code § 20-524(2) provides that parents or other legal guardian of a juvenile may be required to contribute to the cost of the juvenile's detention. Idaho Code § 20-524(2) does not expressly require that the parents or legal guardian be provided with prior notice and an opportunity to be heard. However, the State conceded at oral argument, and we agree, that due process notice and hearing requirements apply to situations envisioned under I.C. § 20-524(2).[2]

---

[1] It is unclear how the magistrate arrived at $13,945 in the "Order for Restitution and Judgment" when the original order and decree only ordered reimbursement for $13,600. The State appeals only as to the $13,600 amount.

2

The due process guarantees under both the United States Constitution and the Idaho Constitution are substantially the same in that they both provide protections against deprivations of life, liberty, or property, without due process of law. U.S. Const. amend. XIV; Idaho Const. art. 1, § 13; *Rudd v. Rudd*, 105 Idaho 112, 115, 666 P.2d 639, 642 (1983). Procedural due process, as it is guaranteed under both the Idaho and U.S. Constitutions, requires that a person involved in the judicial process be given meaningful notice and a meaningful opportunity to be heard. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Rudd*, 105 Idaho at 115. Of course, due process does not require a hearing in every case where the government seeks to impair private interests. *Stanley v. Illinois*, 405 U.S. 645, 650 (1972); *Rios-Lopez*, 144 Idaho at 343. "Rather, procedural due process requires an *opportunity* to be heard." *Rios-Lopez*, 144 Idaho at 343 (emphasis added). Furthermore, "[d]ue process is a flexible constitutional principle and calls for such procedural protection as the particular situation demands." *In Interest of Baby Doe*, 130 Idaho 47, 50-51, 936 P.2d 690, 693-94 (Ct. App. 1997). Due process requires meaningful notice and opportunity to be heard before a court may enter an order for payment of detention costs under I.C. § 20-524(2). Due to the State's concession and our holding, the only remaining issue on appeal is whether the principles of due process, i.e., meaningful notice and opportunity to be heard, were satisfied with regard to Doe's mother.[3]

The United States Supreme Court has indicated that due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency

---

[2] Due to the State's acknowledgment that due process must be afforded prior to entry of an order to pay detention costs, we need not address the contentions of the parties regarding the interplay between I.C. §§ 20-524(1) and (2) or engage in any statutory analysis.

[3] The question of due process regarding the order for payment of detention costs by Doe is not properly before the Court. The district court held that "in the instant case, neither the Appellant nor his mother were provided reasonable notice regarding the potential financial consequences of the juvenile's detention." The State did not appeal the issue as to Doe, but only as to his mother, stating the issue on appeal as: "Did the district court err in reversing the magistrate's order requiring Doe's mother to reimburse Nez Perce County Court Services for the cost of Doe's detention as authorized by I.C. § 20-524(2)?" Only in response to Doe's arguments did the State, in its reply brief, address the issue of due process as to Doe. This Court will not address an issue raised for the first time in a reply brief. *See State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993); *Hayes v. State*, 146 Idaho 353, ___, 195 P.3d 712, 716 (Ct. App. 2008). Therefore, we only address those contentions raised as to Doe's mother.

of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The State contends that language in a "Report to the Court under the Juvenile Corrections Act," submitted to the magistrate court for Doe's disposition hearing, provided Doe's mother with notice that her contribution to the cost of detention may be ordered. The report encompasses nine pages of single-spaced type and includes, on page seven, the language which the State claims to be meaningful notice to Doe's mother:

> [Doe] be sentenced to serve eighty (80) days in detention on each case number to run concurrently. Further, [Doe] be given credit for eighty (80) days already served. [Doe] be primarily responsible and his parents secondarily responsible for the cost of detention at one hundred seventy dollars ($170) per day, totaling thirteen thousand six hundred dollars ($13,600).

The following exchange took place between counsel for the State and the court on Doe's appeal to the district court:

> THE COURT: Tell me, Miss Smith, how is a parent put on notice -- well, I think most parents would not quarrel with an idea that as a parent you are responsible for the support of a child, but in terms of the specifics that it's going to be $170 a day for every day that your juvenile child is incarcerated, how is a -- how and when is a parent put on notice that that's specifically the contribution that's going to be sought?
> MS. SMITH: Your Honor, I don't think -- I think, and I would agree with Mr. Cox [Doe's counsel], that probably the first time that the Appellant's parent knew the specifics, knew that it was $170 a day, was probably the first time that she saw the report to the Court.
> THE COURT: At the disposition hearing?
> MS. SMITH: Yes, your Honor, or the day before, whenever it was provided to her.
> THE COURT: That's the first time in which we actually say this is what that means is we are going to be asking for thirteen thousand dollar judgment?
> MS. SMITH: Yes, your Honor.

Doe's mother was not represented by counsel at the disposition hearing. No competent evidence in the record demonstrates when or if Doe's mother actually received or reviewed the report. The State asks us to accept the representation by the State's attorney to the district court to show that Doe's mother received the report. Even if we were to accept that Doe's mother received the report, we are left to infer that she appreciated that its contents had some direct bearing upon her personally as opposed to disposition of the charges against her son. We conclude that such an

4

inference would be unreasonable. Nothing about the report suggests that it was intended as notice to Doe's mother or that a reasonable person would be on alert to protect his or her own interests and property. In addition, the manner of ostensibly providing notice to Doe's mother, one sentence in a nine page document prepared for a disposition hearing regarding her son, is constitutionally insufficient.

In *Mullane*, the court further held that "the notice must be of such nature as reasonably to convey the required information …, and it must afford a reasonable time for those interested to make their appearance." *Mullane*, 339 U.S. at 314. In other words, meaningful notice consists of both substantive and temporal components. That is, the content of the notice must be such as to fairly advise the person of its subject matter and the issues to be addressed. Notice must be clear, definite, explicit and unambiguous. A notice is not clear unless its meaning can be apprehended without explanation or argument. *Farrell v. Brown*, 111 Idaho 1027, 1032, 729 P.2d 1090, 1095 (1986). In addition, notice must be provided at a time which allows the person to reasonably be prepared to address the issue. While it appears that Doe's mother had notice of her son's disposition hearing, nothing in the record indicates that she had prior notice that detention costs could be imposed upon her at that hearing. At best, she was first given the opportunity to review the report at the hearing itself. Even if we were to accept the report as notice, it was not provided at such a time so as to allow Doe's mother to reasonably prepare to address the issue. Moreover, the language in the report, in the form of a recommendation by a probation officer to the court, is insufficient to apprise a reasonable person of the basis for the possible adverse action or of the need or opportunity to be heard on the subject. Under any reasonable interpretation of due process notice requirements, meaningful notice was not provided to Doe's mother.

The State argues that Doe's mother had a meaningful opportunity to be heard because the magistrate, at the disposition hearing, asked her if she had anything she would like to say. Doe's mother did not respond. Aside from the lack of adequate notice, the "opportunity" presented by the court was insufficient.[4] A meaningful hearing, or at least an opportunity to be heard, is

---

[4]     In its opinion and order, the district court stated, "Appellant and his mother were informed a hearing would be held only if there was an objection to the order for reimbursement of detention costs. Eleven (11) days later, the lower court entered a written judgment for the restitution." While this statement would indicate that Doe's mother had some sort of notice and

important in the court's exercise of its discretion. Idaho Code § 20-524(2) provides that "the court may order that the parents or other legal guardian of the juvenile contribute to the costs of detention in an amount to be set by the court." The imposition of these costs is discretionary, not mandatory. The first question in this exercise of discretion is whether to order the parents or legal guardian to pay all, some, or none of the costs. Several factors may influence the court's decision, such as, attempts made by the parents or legal guardian to control the conduct of the juvenile or rectify harm caused by the juvenile, their income and resources, and whether or not they receive public assistance payments. The State argues that discretion is exercised by the mere multiplication of the number of days of detention times the "non-negotiable" cost per day. While this calculation may have some bearing on the amount of the cost of detention, it bears little on the determination of whether to require the parents or legal guardian before to the court to contribute to those costs. A discretionary decision must be reached by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). A meaningful opportunity to be heard is necessary for the development of the record upon which the trial court can exercise its discretion appropriately.

## III.

## CONCLUSION

The district court's reversal of the magistrate's reimbursement order as to Doe's mother was proper in this case as she was not afforded due process. The district court's order reversing the magistrate's order requiring Doe's mother to reimburse Nez Perce County Court Services for the costs of Doe's detention is affirmed.

Judge PERRY and Judge GUTIERREZ, **CONCUR.**

---

opportunity to object, there is no support for the statement in the record. The record does indicate that the magistrate informed Doe and his mother that objections could be made and a hearing could be held regarding restitution to the Nez Perce County Prosecutor's Office for costs of counsel and restitution to any victims. This opportunity was provided because the amounts had not been fully determined. However, the record does not indicate that the magistrate informed Doe or his mother that objections could be made or a hearing held regarding reimbursement of Doe's detention costs. Furthermore, neither party at oral argument could point this Court to a location in the record to support the district court's statement.