# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38958

IN THE MATTER OF THE DRIVER'S ) 
LICENSE SUSPENSION OF JOHNATHAN ) 
PAUL VAN CAMP. ) 
-------------------------------------------------------- )   Boise, August 2012 Term
IDAHO TRANSPORTATION ) 
DEPARTMENT, )   2012 Opinion No. 128
 ) 
    Petitioner-Appellant, )   Filed: November 14, 2012
 ) 
v. )   Stephen Kenyon, Clerk
 ) 
JOHNATHAN PAUL VAN CAMP, ) 
 ) 
    Respondent. ) 

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Kathryn Sticklen, Senior Judge.

The decision of the district court is <u>reversed</u> and the case is <u>remanded</u>.

Michael Kane & Associates, PLLC, Boise, for appellant. Michael J. Kane argued.

Law Offices of Jacob D. Deaton, Boise, for respondent. Jacob D. Deaton argued.

---

HORTON, Justice

This appeal arises from the district court's reversal of the Idaho Transportation Department's (Department) suspension of Johnathan Paul Van Camp's driver's license subsequent to a urine analysis that revealed the presence of cyclobenzaprine in his system. The district court held that the Department had not properly shown that cyclobenzaprine is intoxicating. The Department timely appealed, arguing that the arresting officer's observations of impairment, in combination with an evidentiary test revealing a drug in Van Camp's system, were sufficient to permit an administrative license suspension. The Department asks this Court to reverse the district court's decision vacating the suspension. We reverse.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Van Camp was pulled over after making an illegal U-turn and subsequently arrested on suspicion of driving under the influence. The officer observed several outward indicators of impairment in Van Camp: his speech was thick and slurred, his eyes were red and watery, his mouth appeared to be dry, and there was a visible white film in the corners of his mouth. According to the arresting officer, Van Camp also seemed confused and disoriented and was unable to find his wallet, registration, or proof of insurance. Van Camp told the officer that he recently had his wallet out to buy cigarettes and proceeded to look for the wallet for several minutes, repeatedly checking the empty glove box. When asked how much alcohol he had consumed, Van Camp replied "None." The officer asked Van Camp to exit the vehicle and perform the standardized field sobriety tests. Van Camp failed the gaze nystagmus, walk and turn, and one-leg stand tests. After the tests, the officer placed Van Camp under arrest for suspicion of driving under the influence of alcohol or drugs. Van Camp submitted to a breath test, which did not show the presence of alcohol. Van Camp admitted to taking two prescription-only drugs, cyclobenzaprine and Seroquel. Van Camp provided a urine sample, which, upon testing, showed the presence of cyclobenzaprine.

After receiving the urine test results, the Department issued a Notice of Suspension, which ordered the suspension of Van Camp's driving privileges for ninety days. Van Camp then requested an administrative hearing pursuant to Idaho Code § 18-8002A. At the hearing, Van Camp argued that in order to violate § 18-8002A "[t]here needs to be some written certification or some other standard stating the drug is intoxicating." The hearing officer sustained the administrative license suspension, stating in his findings of fact that the observations by the officer of Van Camp's outward impairment coupled with the test that showed the presence of the drug cyclobenzaprine were enough to show a violation of § 18-8002A. The district court reversed the hearing officer's ruling and vacated the suspension on May 3, 2010. The Court of Appeals affirmed the decision of the district court and this Court granted the Department's petition for review.

# II. STANDARD OF REVIEW

"When a case comes before this Court on a petition for review from a Court of Appeals decision, serious consideration is given to the views of the Court of Appeals, but this Court reviews the decision of the lower court directly." *Hoffer v. City of Boise*, 151 Idaho 400, 402,

257 P.3d 1226, 1228 (2011) (citing *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010)). When we review a district court's decision in an appeal from an agency action, "we review the decision of the district court to determine whether it correctly decided the issues presented to it." *Elias-Cruz v. Idaho Dept. of Transp.*, 153 Idaho 200, ___, 280 P.3d 703, 705 (2012) (citing *Wright v. Bd. of Psychological Examiners,* 148 Idaho 542, 544–45, 224 P.3d 1131, 1133–34 (2010)). The interpretation of a statute is an issue of law over which this court exercises free review. *Idaho Fair Share v. Idaho Pub. Util. Comm'n*, 113 Idaho 959, 961-62, 751 P.2d 107, 109-10 (1988).

## III. ANALYSIS

### A. Van Camp failed to provide evidence sufficient to vacate the suspension.

Van Camp argues that when the Department suspends an individual's driver's license for operating a motor vehicle under the influence of drugs, it must first show that that the drug at issue is intoxicating. Van Camp thus contends that because the statute applies only after the Department meets this threshold burden, where the Department does not show that the drug is intoxicating, it may not suspend the individual's license.

Idaho Code § 18-8002A governs administrative driver's license suspensions for operating a motor vehicle under the influence of drugs. The statute provides that the Department "shall suspend" a person's license once it receives a peace officer's sworn statement that:

> [T]here existed legal cause to believe a person had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol, drugs or other intoxicating substances and that the person submitted to a test and the test results indicated an alcohol concentration or the presence of drugs or other intoxicating substances . . . .

I.C. § 18-8002A(4)(a). The "shall suspend" language indicates that the suspension is mandatory if those requirements are met. *See Paolini v. Albertson's Inc.*, 143 Idaho 547, 549, 149 P.3d 822, 824 (2006) (quoting *Goff v. H.J.H. Co.,* 95 Idaho 837, 839, 521 P.2d 661, 663 (1974)).

An individual whose license has been suspended may request a hearing to contest the suspension, but that individual bears the burden of proof at that hearing. I.C. §18-8002A(7). The statute further provides that the hearing officer may vacate the suspension only if the licensee proves, by a preponderance of the evidence, that:[1]

---

[1] Under Idaho Code § 18-8002A(7), ". . . [t]he hearing officer *shall not* vacate the suspension" unless one of the five listed grounds has been proven by a preponderance of the evidence. (emphasis added). We have held that the words "shall not," when used in a statute, constitute a mandatory obligation not to act. *See, e.g.*, *Cafferty v. Dep't of*

3

(a) The peace officer did not have legal cause to stop the person; or

(b) The officer did not have legal cause to believe the person had been driving or was in actual physical control of a vehicle while under the influence of alcohol, drugs or other intoxicating substances in violation of the provisions of section 18-8004, 18-8004C or 18-8006, Idaho Code; or

(c) The test results did not show an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, 18-8004C or 18-8006, Idaho Code; or

(d) The tests for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements of section 18-8004(4), Idaho Code, or the testing equipment was not functioning properly when the test was administered; or

(e) The person was not informed of the consequences of submitting to evidentiary testing as required in subsection (2) of this section.

I.C. § 18-8002A(7). Thus, once a party elects to challenge a suspension by requesting a hearing, there are only five grounds upon which the suspension may be successfully challenged, and the hearing officer cannot vacate the suspension unless the licensee establishes the existence of one of those grounds.

Here, subsection (c) is the only ground upon which this Court could affirm the district court's order vacating Van Camp's administrative suspension.[2] Under subsection (c), the hearing officer may vacate a suspension if the licensee demonstrates that "[t]he test results did not show an alcohol concentration or the presence of drugs or other intoxicating substances . . . ." I.C. § 18-8002A(7)(c). However, Van Camp has presented no evidence that cyclobenzaprine is not an intoxicating drug. Instead, he argues that the Department bears a threshold burden of production at the hearing to show that cyclobenzaprine is an intoxicating drug. Essentially, he contends that the absence of evidence demonstrating that cyclobenzaprine is intoxicating is sufficient to prove that the drug is not intoxicating. This is inconsistent with the plain language of subsection 7(c), which requires the licensee to affirmatively prove that the drug was not intoxicating.

In support of his position, Van Camp relies upon this Court's decision in *Reisenauer v. State Department of Transportation*, 145 Idaho 948, 188 P.3d 890 (2008). In that case, the driver submitted to a urine analysis, and the results showed the presence of Carboxy-THC. *Id.* at 949,

---

*Transp., Div. of Motor Vehicle Servs.*, 144 Idaho 324, 329, 160 P.3d 763, 768 (2007); *Payette River Prop. Owners Ass'n v. Bd. of Comm'rs of Valley Cnty.*, 132 Idaho 551, 557, 976 P.2d 477, 483 (1999) *overruled on other grounds by City of Osburn v. Randel*, 152 Idaho 906, 277 P.3d 353 (2012). Thus, the hearing officer's power to vacate a suspension is limited to cases where the licensee satisfactorily proves one of the five requirements.

[2] Subsection (c) is the only potential ground because, on appeal, Van Camp has not advanced any argument that another subsection applies.

188 P.3d at 891. This substance is not a drug; it is merely a metabolite of marijuana. *Id*. at 950-51, 188 P.3d at 892-93. Consequently, we held that Reisenauer met his burden under subsection 7(c) to show that the test did not reveal the presence of a drug or other intoxicating substance. *Id*. at 952, 188 P.3d at 894. While there was some discussion in *Reisenauer* related to the general applicability of Idaho Code § 18-8002A, the district court's decision to vacate the suspension was affirmed based upon the application of section 18-8002A(7)(c). *Id.* While we can understand why Van Camp would want to interpret *Reisenauer* as requiring the Department to meet a threshold burden, the factual situation and the actual holding of the case, do not support his proposition. We hold that *Reisenauer* does not provide an additional basis, independent of section 18-8002A(7), for vacating a suspension at a hearing. Therefore, we reverse the district court and remand with instructions to enter a judgment affirming the hearing officer's order sustaining the suspension.

**B. Van Camp is not entitled to attorney fees on appeal.**

Van Camp requests costs and attorney fees on appeal. He is not entitled to costs and fees because he did not prevail in this appeal. However, even if he had prevailed, we would not award attorney fees because Van Camp cited no statute or authority in support of his request, but merely asked for an award of fees, asserting the Department's appeal "lacks a reasonable basis in fact and law . . . ." Because Van Camp failed to cite any authority for awarding attorney fees, we would not have addressed the issue. *PHH Mortg. Services Corp. v. Perreira*, 146 Idaho 631, 641, 200 P.3d 1180, 1190 (2009) (citing *Athay v. Stacey,* 142 Idaho 360, 371, 128 P.3d 897, 908 (2005); *Bream v. Benscoter,* 139 Idaho 364, 369-70, 79 P.3d 723, 728-29 (2003)).

## IV. CONCLUSION

We reverse the district court's order reinstating Van Camp's driving privileges because he failed to establish a proper ground to support an order vacating the suspension. Costs to the Department.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.