IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 40201

| | | |
|---|---|---|
| THEODORE D. DABROWSKI, | ) | 2013 Unpublished Opinion No. 658 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 4, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, TRANSPORTATION | ) | THIS IS AN UNPUBLISHED |
| DEPARTMENT, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Jeff M. Brudie, District Judge.

Decision of the district court, affirming an administrative order suspending a driver's license for failing blood alcohol concentration test, affirmed.

Fred R. Palmer, Sandpoint, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Susan K. Servick, Special Deputy Attorney General, Coeur d'Alene, for respondent.

_____

MELANSON, Judge

Theodore D. Dabrowski appeals from the district court's decision, upon judicial review, affirming the Idaho Transportation Department's order suspending Dabrowski's driver's license. Dabrowski also challenges the district court's decision affirming the Idaho Transportation Department's denial of Dabrowski's motion for reconsideration of the suspension of his driver's license. For the reasons set forth below, we affirm.

I.

FACTS AND PROCEDURE

On May 2, 2011, a witness reported leaving a pharmacy and observing Dabrowski's vehicle had rear-ended her vehicle. She also observed Dabrowski in the driver seat of his vehicle, passed out at the wheel. Dabrowski was transported to the hospital. The reporting officer, suspecting Dabrowski had been driving while impaired, conducted a number of field sobriety tests on him. While evaluating Dabrowski's eyes, the officer noticed a lack of smooth

1

pursuit, distinct and sustained nystagmus at maximum deviation, and the onset of nystagmus prior to forty-five degrees. When the officer asked Dabrowski to recite the alphabet from E to Q, Dabrowski was unable to begin the evaluation. The officer then offered Dabrowski the opportunity to recite the alphabet from A to Z. Dabrowski again was unable to recite the alphabet. During a counting test, Dabrowski successfully counted backwards from 86 to 66. However, the officer noted the counting was slow and deliberate. The officer also made a number of visual observations. Specifically, the officer noted Dabrowski had body tremors, his speech was slow and deliberate, and his pupils were equal in size and slow to react to light. The officer skipped the walk-and-turn evaluation and one-legged stand evaluation because Dabrowski had pain in his back and was having trouble lifting his legs.

Dabrowski consented to a blood draw for a drug recognition evaluation. Prior to the draw, officers notified Dabrowski of the consequences of a refusal or failure of the test and provided Dabrowski a notice of suspension. The test results indicated the presence of morphine, carisprodol, meprobromate, diazepam, nordiazepam, and carboxy-THC.

The Idaho Transportation Department (ITD) sent notice of an administrative license suspension to Dabrowski, who thereafter requested a hearing. The ITD held the hearing on September 8, 2011, and the hearing officer received evidence which included reports from police and the results of the drug test. Dabrowski also testified at the hearing. At the conclusion of the hearing, Dabrowski requested that the record be left open so that he could supplement the record with additional evidence. The hearing officer granted this request. On November 16, 2011, counsel retained by Dabrowski contacted the hearing officer and requested that the record be left open until December 5. The hearing officer issued its decision on November 22 and then issued an order denying the request to keep the record open on November 25.

The hearing officer sustained the suspension of Dabrowski's license. On December 5, Dabrowski filed a motion for reconsideration.[1] The motion was denied and on December 19, Dabrowski petitioned the district court for review of the order suspending his license and the

---

[1]    Dabrowski also described this as a motion to reopen and receive evidence and as a motion to alter or amend. Dabrowski does not advance either of these issues on appeal.

2

denial of his motion for reconsideration.[2] The district court issued a decision affirming the ITD's order suspending Dabrowski's driver's license and the denial of Dabrowski's motion for reconsideration. Dabrowski appeals.

## II.

## ANALYSIS

### A. Suspension of Driver's License

The Idaho Administrative Procedures Act (IDAPA) governs the review of ITD decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court acting in its appellate capacity under IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.,* 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall,* 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.,* 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall,* 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine Cnty., ex rel. Bd. of Comm'rs,* 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall,* 137 Idaho at 340, 48 P.3d at 669.

The Court may overturn an agency's decision where its findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette Cnty. Bd. of Cnty. Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall,*

---

[2] The hearing officer entered an order denying the motion for reconsideration on December 21, 2011--two days after Dabrowski petitioned the district court for review. It is unclear from the record how Dabrowski knew his motion for reconsideration was denied before the order denying his motion was filed.

3

137 Idaho at 340, 48 P.3d at 669. If the agency's decision is not affirmed on appeal, "it shall be set aside . . . and remanded for further proceedings as necessary." I.C. § 67-5279(3).

The administrative license suspension statute, I.C. § 18-8002A, requires that the ITD suspend the driver's license of a driver who has failed an evidentiary test administered by a law enforcement officer. The period of suspension is ninety days for a driver's first failure of an evidentiary test and one year for any subsequent test failure within five years. I.C. § 18-8002A(4)(a). A person who has been notified of such an administrative license suspension may request a hearing before a hearing officer designated by the ITD to contest the suspension. I.C. § 18-8002A(7). At the administrative hearing, the burden of proof rests upon the driver to prove any of the grounds to vacate the suspension. I.C. § 18-8002A(7); *Kane v. Idaho Dep't of Transp.*, 139 Idaho 586, 590, 83 P.3d 130, 134 (Ct. App. 2003). The hearing officer must uphold the suspension unless he or she finds, by a preponderance of the evidence, that the driver has shown one of several grounds enumerated in I.C. § 18-8002A(7) for vacating the suspension. Those grounds include:

> (a)  The peace officer did not have legal cause to stop the person; or
> (b)  The officer did not have legal cause to believe the person had been driving or was in actual physical control of a vehicle while under the influence of alcohol, drugs or other intoxicating substances in violation of the provisions of section 18-8004, 18-8004C or 18-8006, Idaho Code; or
> (c)  The test results did not show an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, 18-8004C or 18-8006, Idaho Code; or
> (d)  The tests for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements of section 18-8004(4), Idaho Code, or the testing equipment was not functioning properly when the test was administered; or
> (e)  The person was not informed of the consequences of submitting to evidentiary testing as required in subsection (2) of this section.

I.C. § 18-8002A(7). The hearing officer's decision is subject to challenge through a petition for judicial review. I.C. § 18-8002A(8); *Kane*, 139 Idaho at 589, 83 P.3d at 133. The burden of proof at an administrative license suspension hearing is on the individual requesting the hearing. *Kane*, 139 Idaho at 590, 83 P.3d at 134.

Dabrowski argues that the hearing officer erred by considering a document from the internet and, that without this document, the evidence did not show the presence of drugs or

4

other intoxicating substances. Dabrowski does not contend that the drugs listed in the results from his blood test are not intoxicating substances, only that there was no admissible evidence to establish that these drugs were intoxicating substances. To support this argument, Dabrowski asserts that the record must contain evidence that drugs were not only present, but also that they were intoxicating substances. For this assertion, Dabrowski cites to *Reisenauer v. Idaho Dep't of Trans.*, 145 Idaho 948, 951, 188 P.3d 890, 893 (2008). While language in *Reisenauer* could reasonably be interpreted to require this, the Idaho Supreme Court later clarified the *Reisenauer* decision in *Idaho Dep't of Trans. v. Van Camp*, 153 Idaho 585, 288 P.3d 802 (2012).

In *Van Camp*, the licensee argued that, when the ITD suspends an individual's driver's license for operating a motor vehicle while under the influence of drugs, it must first show that the drug at issue is intoxicating. *Id.* at 586, 288 P.3d at 803. In support of this position, Van Camp relied upon *Reisenauer*. Rejecting Van Camp's argument, the Idaho Supreme Court stated that the burden is still on the licensee to affirmatively prove that the drug was not intoxicating. *Van Camp*, 153 Idaho at 587, 288 P.3d at 804. Thus, the state does not bear a threshold burden of production to show that the drug complained of constituted an intoxicating drug. *Id.*

Here, Dabrowski's argument mimics that made by the licensee in *Van Camp*. Dabrowski contends that the state needed to first set forth evidence demonstrating the drugs found in his system were intoxicating. The Idaho Supreme Court expressly rejected this argument in *Van Camp* and Dabrowski's argument fails as a matter of law.

## B. Motion for Reconsideration

Dabrowski next argues the ITD erred in denying his motion for reconsideration. The hearing officer summarily denied Dabrowski's motion without setting forth the legal standard applicable or providing any analysis. Assuming arguendo that this constituted error, Dabrowski has failed to demonstrate he has been prejudiced in any way. Errors that do not affect the substantial rights of the parties will be disregarded. I.R.C.P. 61.

The proffered evidence Dabrowski submitted with his motion first consisted of a letter from a toxicologist indicating that the drugs in the lab report he received were not quantified and, therefore, did not allow him to determine whether Dabrowski would have been under the influence at the time he was driving. However, this Court has previously held that, in an administrative license suspension hearing, the state is not required to establish that an individual

5

ingested a sufficient quantity or concentration of prescription drugs to cause impairment. *Feasel v. Idaho Transp. Dep't*, 148 Idaho 312, 315, 222 P.3d 480, 483 (Ct. App. 2009).

Next, Dabrowski proffered a letter from a friend he was drinking with the night before the car crash, which can be summarized as follows. While out drinking, Dabrowski was hit in the head by a beer bottle thrown during a fight (in which Dabrowski was not involved). Dabrowski then started complaining of a headache. After leaving the bar, the friend and Dabrowski went to another individual's house where marijuana was being smoked. They eventually went to the friend's home, where Dabrowski spent the night. In the morning, Dabrowski awoke and left to refill his prescriptions. At that time, Dabrowski was still complaining of a headache. The friend later learned Dabrowski had been at the hospital and was suffering from a concussion. The friend further indicated Dabrowski did not take any medication before going to the bar the night before the incident and that she has never known Dabrowski to drink while under the influence of his medication. She also indicated Dabrowski was against all street drugs and would never use any.

Last, a family nurse practitioner provided a letter that indicated Dabrowski is a veteran and suffered lower back injuries while serving in recent wars. She further indicated that Dabrowski is on medication for control of this discomfort, including morphine and Soma. She also stated that Dabrowski has always taken the medications as prescribed and has no functional difficulties while taking them.

Even assuming that this proffered evidence would be admissible and accepted as credible by the hearing officer, it does not provide a ground for vacation of the suspension. The offered evidence does not establish that the drugs in Dabrowski's system were not intoxicating and does not establish that the officer did not have legal cause to believe Dabrowski had been driving or was in actual physical control of a vehicle while under the influence of alcohol, drugs, or other intoxicating substances. Thus, even assuming the hearing officer erred in its order denying Dabrowski's motion for reconsideration, such error is harmless.

## C.    Due Process

Finally, Dabrowski asserts that Idaho's administrative license suspension procedure in this case, where he was denied an opportunity to present additional evidence, violates his right to due process. The due process guarantees under the United States Constitution and the Idaho Constitution are substantially the same in that they both provide protections against deprivations

of life, liberty, or property, without due process of law. U.S. CONST. amend. XIV; IDAHO CONST. art. I, § 13; *Rudd v. Rudd*, 105 Idaho 112, 115, 666 P.2d 639, 642 (1983). Procedural due process, as it is guaranteed under both the Idaho and United States Constitutions, requires that a person be given meaningful notice and a meaningful opportunity to be heard before a protected property or liberty interest is impaired. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972); *State v. Doe*, 147 Idaho 542, 544, 211 P.3d 787, 789 (Ct. App. 2009). Dabrowski was afforded both through the administrative hearing process. Furthermore, the hearing officer left the record open for over sixty additional days following the hearing. Dabrowski failed to submit any additional evidence during this period of time. Thus, Dabrowski has failed to demonstrate a due process violation.

### III.

### CONCLUSION

Dabrowski's argument, that the state was required to demonstrate the drugs in his system were intoxicating, fails as a matter of law. Further, even assuming the ITD erred in denying Dabrowski's motion for reconsideration, such error was harmless. Dabrowski also received the procedural due process to which he was entitled. Therefore, the district court's decision, upon judicial review, affirming the ITD's order suspending Dabrowski's driver's license and denying Dabrowski's motion for reconsideration is affirmed. Costs, but not attorney fees, are awarded on appeal to the respondent, State of Idaho.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**