**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47853**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 23, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOSEPH PATRICK STODDART, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Orders denying motions to dismiss judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Joseph Patrick Stoddart appeals from orders denying his motions to dismiss his judgment of conviction for possession of a controlled substance with intent to manufacture or deliver. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer stopped Stoddart for a traffic offense and discovered that he was driving with a suspended license while in possession of controlled substances and drug paraphernalia. The State subsequently charged Stoddart with trafficking in methamphetamine, misdemeanor possession of a controlled substance, possession of drug paraphernalia, and driving without privileges. Ultimately, Stoddart pled guilty to possession of a controlled substance with intent to

1

manufacture or deliver. I.C. § 37-2732(a)(1)(A). In exchange for his guilty plea, the State agreed to dismiss the other charges.

After entry of his judgment of conviction but prior to the deadline for filing an appeal, Stoddart moved to dismiss the case, arguing the district court lacked jurisdiction. Stoddart's motion was accompanied by a request for a hearing and an affidavit in which he averred, among other things, that he had repudiated his United States citizenship and was now an "American State National," placing him outside the district court's jurisdiction. The district court construed Stoddart's motion to dismiss as a challenge to his sentence under I.C.R. 35, concluded that a hearing on the motion was unnecessary, and summarily denied the motion. Stoddart then filed a second motion to dismiss the case, arguing the summary denial of his initial motion to dismiss violated due process. The district court denied Stoddart's second motion to dismiss, concluding the motion was frivolous. Stoddart appeals.

## II.

## ANALYSIS

Mindful of the lack of supporting legal authority, Stoddart argues that the district court erred by summarily denying his two motions to dismiss. According to Stoddart, his initial motion to dismiss should have been granted because the district court lacked personal jurisdiction over him and that his second motion should have been granted because the summary denial of the first motion to dismiss violated due process. The State responds that the district court correctly determined it had personal jurisdiction over Stoddart because he appeared in court and that due process did not require a hearing on his initial motion to dismiss. We hold that Stoddart has failed to show error in the denial of either of his motions to dismiss.

### A.     Motion to Dismiss for Lack of Personal Jurisdiction

Personal jurisdiction refers to a court's power to bring a person into its adjudicative process. *State v. Ambro*, 142 Idaho 77, 79, 123 P.3d 710, 712 (Ct. App. 2005). Thus, without personal jurisdiction, the court has no person to hold accountable. *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). The Idaho Code grants trial courts personal jurisdiction over anyone who commits a crime in Idaho. *See* I.C. § 18-202. A trial court's personal jurisdiction over a criminal defendant attaches when the defendant appears at the initial court setting on a complaint or arraignment on an indictment. *Rogers*, 140 Idaho at 228, 91 P.3d at

2

1132. Whether a court lacks jurisdiction is a question of law over which appellate courts exercise free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004).

The district court concluded that Stoddart's first motion to dismiss,[1] which was based upon his purported repudiation of United States citizenship, was meritless. The district court found that, when Stoddart pled guilty, he admitted under oath to committing a crime in Bonneville County, Idaho. The district court reasoned that this was an admission by Stoddart that he was subject to the laws of the state of Idaho and that the district court properly had personal jurisdiction over him. Consequently, the district court summarily denied Stoddart's initial motion to dismiss.

Stoddart admits that he participated in the proceedings below and that he did not raise his personal jurisdiction challenge until after entry of his judgment of conviction. Despite these admissions, and mindful of a lack of authority supporting his position, Stoddart asserts that the district court lacked personal jurisdiction over him. We disagree. Stoddart's claim that he repudiated his United States citizenship is irrelevant to whether the district court had personal jurisdiction over him. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (observing that an individual's claim to be a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being" did not place him or her beyond the jurisdiction of the courts). Stoddart's appearance and participation in the proceedings below (which ultimately resulted in him pleading guilty to committing a crime in the state of Idaho) were sufficient for the district court to acquire personal jurisdiction over him. *See Rogers*, 140 Idaho at 228, 91 P.3d at 1132.

---

[1]     As previously stated, although Stoddart styled his motion as a motion to dismiss, the district court construed his motion as one brought under I.C.R. 35. An issue of subject matter jurisdiction may be addressed after the entry of a judgment of conviction through a motion under I.C.R. 35. *See State v. Lute*, 150 Idaho 837, 840, 252 P.3d 1255, 1258 (2011). On appeal, Stoddart challenges the district court's personal jurisdiction over him, not its subject matter jurisdiction. However, the State did not argue in its appellate brief that the district court's post-judgment consideration of Stoddart's personal jurisdiction challenge was error, so we will assume without deciding that the district court properly reached the merits of Stoddart's jurisdictional argument. Additionally, because Stoddart seeks dismissal and not a correction of his sentence, we will continue to reference his motion as a "motion to dismiss."

**B.    Motion to Dismiss for Alleged Due Process Violation**

Following the dismissal of his motion to dismiss for lack of personal jurisdiction, Stoddart filed a second motion to dismiss asserting that the denial of his first motion to dismiss without conducting a hearing violated due process, entitling him to dismissal of the entire case. However, a hearing is not necessary any time the State seeks to impair an individual's rights. *State v. Doe*, 147 Idaho 542, 544, 211 P.3d 787, 789 (Ct. App. 2009).  In his appellate brief, Stoddart cites no legal authority supporting his argument that due process requires a hearing on a post-judgment motion to dismiss alleging an absence of personal jurisdiction that is made by a defendant who appeared in a criminal case and pled guilty to an offense.  Nor did Stoddart cite any legal authority indicating that dismissal of the entire case would be the proper remedy if the summary dismissal of such a motion did violate due process.  A party waives an issue by failing to support it with cogent argument and relevant legal authority.  *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).  Consequently, Stoddart has waived his claim that the district court erred in denying his motion to dismiss based on an alleged due process violation.

### III.

### CONCLUSION

The district court properly determined that it had personal jurisdiction over Stoddart. Additionally, Stoddart waived his claim that the district court erred by denying his motion to dismiss based on an alleged due process violation.  Consequently, Stoddart has failed to show error in the denial of either his first or second motion to dismiss.  Accordingly, the district court's orders denying Stoddart's motions to dismiss his judgment of conviction are affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

4